PEOPLE OF PORTO RICO, Plaintiff .and Appellee, *v.* JOSÉ CASA-NOVAS, Defendant and Appellant.

No. 3235.   Argued February 17, 1928.—Decided May 28, 1928.

*Luis Toro Cabañas* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was convicted of a violation of section 13 (*a*) of the law regulating the use of motor vehicles in Porto Rico. Laws of 1916, page 140.

The first assignment is that the district court erred in overruling a motion to dismiss the action, upon the ground that the case had not been brought to trial within 120 days after the filing of the transcript on appeal from a previous judgment rendered in a municipal court.

There is no statement of the case or transcript of the evidence. The only indication as to the date on which the transcript on appeal from the municipal court was filed in the district court is a recital contained in the motion to dismiss. The order overruling this motion specifies as a reason for such action the existence of "just cause" for the delay in setting the case for trial.

In the circumstances we can not assume with appellant that the district attorney made no effort to show why an earlier date had not been fixed for trial, or that the showing in this regard was insufficient. *People* v. *Estrada,* 33 P.R. R. 72. The case of *People* v. *Padilla,* 36 P.R.R. 398, cited by appellant, is not in point.

Another contention is that the complaint does not charge an offense.

The brief for appellant, however, does not discuss the form or sufficiency of the complaint as such, but directly assails the statutory rule prescribed by section 13 (*a*), *supra,* which reads as follows:

"The speed of motor vehicles shall at all times be regulated with due care and with due regard to the width, amount of traffic and

use of the highway, but the driving at any time of any motor vehicle on the public highway at any rate of speed faster than forty-eight kilometers an hour, or within the urban zone of a municipality faster than twenty-four kilometers per hour, shall be *prima facie* evidence that it was being driven without due care."

Appellant assumes, without attempting to show, that the complaint purports to charge a violation of the speed limit. The *fiscal* seems to acquiesce in this view, but, construing section 13 (a) in connection with section 12 (a), concludes that the intention of the Legislature, although somewhat obscure, was to prescribe a maximum speed limit, and that the mere running of a car at a higher rate of speed is, therefore, a violation of the statute.

We can not concur either in the construction placed upon the complaint by appellant or in the theory suggested by the *fiscal*. The rule of conduct prescribed by section 13 (a) is not a hard and fast requirement that a motor vehicle shall not exceed a specified rate of speed, in urban or rural districts as the case may be, regardless of all other circumstances and conditions. The obligation imposed upon the driver is to regulate his speed at all times with ordinary care and a due regard for the width of the street, the manner in which it is being used by the public, and general traffic conditions. The fact that in a given case a vehicle is shown to have exceeded a specified rate of speed suffices to establish a *prima facie* case. The *prima facie* case so established is not a mere violation of the speed limit. That is the fact in evidence, not the offense proven. The offense is reckless driving. Whether it has been committed or not may depend upon a number of circumstances, including, by express statutory provision, the width of the road, the manner in which it is being used at the time, and traffic conditions in general. The *prima facie* case established by evidence that the vehicle in question was running at a high rate of speed might be met, for instance, by testimony to the effect that the road at the place referred to in the complaint or information was

straight and wide, untraveled and unoccupied at the time, with an unobstructed view and no cross-roads for a mile or more ahead and no human habitation, building or other indication of human or animal life in the immediate vicinity. Otherwise, there would be much force in the contention of appellant that the complaint charges the violation of a mere rule of evidence.

What the complaint herein does charge is:

"That on June 3, 1926, at 6 p. m., at Stop 2½ on Ponce de León Avenue, in the ward of Puerta de Tierra of the Municipal District of San Juan, which forms part of the Judicial District of San Juan, P. R., the above-named defendant wilfully and maliciously violated section 13 (a) of Act No. 75 of April 13, 1916, as amended, in that while he was driving his automobile No. 9446 he did so recklessly and negligently and without taking into account the width and use of the highway and the amount of traffic, running his vehicle at a speed exceeding 24 kilometers per hour within the urban zone, at an hour and place where there were many persons walking and a number of vehicles running in all directions, said place being a public highway."

A greater degree of accuracy and precision might be demanded of a district attorney in the drawing of an information. Under the liberal rule heretofore adopted by this court in dealing with complaints presented by private individuals or by insular policemen, the pleading now under consideration is not open to the criticism that it does not state an offense. Any defendant of ordinary understanding should be able to gather therefrom that the offense charged is not merely the traveling at more than twenty-four kilometers an hour in the urban zone, but the reckless driving of a motor vehicle during the rush hour at a high rate of speed on a crowded thoroughfare in the midst of numerous other vehicles and pedestrians moving in all directions. This would be a fair inference from the complaint, even if it did not specify in so many words the recklessness, negligence and flagrant disregard, on the part of the defendant, of the width of the road, the manner in which it was being used, and

traffic conditions. In this respect at least, the complaint follows, *mutatis mutandi,* the wording of the statute.

The only authorities cited in connection with this aspect of the case are *People* v. *Borque,* 25 P.R.R. 553, and *People* v. *Rivera,* 26 P.R.R. 393, relied upon by appellant, and *People* v. *Guzmán,* 34 P.R.R. 111, referred to by the *fiscal.* In the circumstances, we shall not pursue the inquiry further than is necessary to show that the instant case is distinguishable from those mentioned by appellant and to indicate the general principle involved as the present basis for a more or less tentative conclusion in a border line case.

In *People* v. *Borque, supra,* the complaint charged:

"That at noon, on September 5, 1916, and at Stop 16½ of the Santurce highway, in the Municipal Judicial District of San Juan, P. R., the said defendant, while driving his own car No. 519, wilfully and maliciously failed to take proper precautions in the operation of said car to insure the safety of lives and property, causing the car to strike the boy Joaquín Solá, . . ."

Section 12 (*a*) reads thus—

"That persons operating motor vehicles on the public highway shall at all times exercise due care and take every reasonable precaution to insure the safety of persons and property."

Section 13 (*a*) is more specific. It does not speak in general terms of due care in the operation of motor vehicles and of reasonable precaution for the protection of life and property on the highway. It deals directly with the question of speed and the regulation thereof, not in general terms, but according to specified conditions.

The complaint in the instant case does not charge a failure to take proper precaution, without any intimation as to the character of the precaution that should have been taken. It informs the defendant in detail and, so far as practicable, in the language of the statute, as to the nature of the offense with which he is charged.

The complaint in *People* v. *Rivera* might have been sustained had it specified a violation of section 13 (*a*), or if the

attention of this court had been called to the wording of that section. Rivera, like Borque, however, was accused of a violation of section 12 (*a*) and the judgment of conviction was reversed upon authority of *People* v. *Borque*.

Section 13 (*a*) neither defines a crime nor provides a penalty. It does prescribe a positive rule of conduct to be observed by all drivers of motor vehicles. The violation of that rule is defined as an offense and the penalty for such violation is prescribed by section 18, which provides that:

"That violations of the provisions of this Act shall be considered as misdemeanors and shall be punishable by a fine of not less than five nor more than three hundred dollars, or by imprisonment for not less than five days nor more than three months."

It is elementary law that—

"In creating an offense which was not a crime at common law, a statute must of course be sufficiently certain to show what the legislature intended to prohibit and punish, otherwise it will be void for uncertainty. Reasonable certainty, in view of the conditions, is all that is required, and liberal effect is always to be given to the legislative intent when possible. . . It is not necessary to use technical terms, and the legislature may designate the offense by using words in daily and common use; and a penal statute is sufficiently certain, although it may use general terms, if the offense is so defined as to convey to a person of ordinary intelligence an adequate description of the evil intended to be prohibited." 16 C. J. pp. 67-68, par. 28.

Among the footnotes to the foregoing text we find the following:

"For example a statute providing that any person who commits any act which grossly injures the person or property of another or grossly disturbs the public peace or health, or openly outrages public decency, is guilty of misdemeanor, is not void for uncertainty. State v. Lawrence, 9 Okl. Cr. 16, 130 P. 508; Stewart v. State, 4 Okl. Cr. 564, 109 P. 243, 32 LRANS 505."

The judgment appealed from must be affirmed.